UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ARTHUR GENE PAYTON, | No. 2:16-cv-3021 AC P |
|---|---|
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| TERRI TURNER, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I. Application to Proceed In Forma Pauperis

Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF No. 2. Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a). However, the court will not assess a filing fee at this time. Instead, the undersigned will recommend that the complaint be summarily dismissed.

II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v.

McKeithen, 395 U.S. 411, 421 (1969).

   III.   Complaint

Plaintiff alleges that in October 2011, defendants Turner, Alvord, Bailey, Nystrom, Collins, and Hanisee violated state law and plaintiff's rights under the Eighth and Fourteenth Amendments when they denied him parole because of his past criminal record. ECF No. 1 at 5. For the reasons set forth below, the undersigned will recommend that the complaint be dismissed without leave to amend.

   A.   Defendants Are Entitled to Absolute Immunity

In Sellars v. Procunier, 641 F.2d 1295 (9th Cir. 1981), the Ninth Circuit addressed the question of whether parole board officials are entitled to qualified or absolute immunity from civil rights suits. In holding that parole board officials were entitled to absolute immunity, the court observed that "[t]o be sure, absolute immunity for parole board officials does leave the genuinely wronged prisoner without civil redress against the official whose malicious or dishonest actions deprive the prisoner of liberty. But qualifying that immunity would disserve the broader public interest." Id. at 1303. Specifically, the court found that because "parole board officials perform functionally comparable tasks to judges when they decide to grant, deny, or revoke parole" the broader public interest would best be served by granting parole board officials the absolute immunity given to judges in order to keep them free from fear of litigation. Id.

Plaintiff has identified all of the defendants as parole board officials and they are therefore immune from suit and the claims against them must be dismissed.

   B.   Scope of § 1983

State prisoners may not attack the fact or length of their confinement in a § 1983 action and "habeas corpus is the appropriate remedy" for such claims. Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Nettles v. Grounds, 830 F.3d 922, 930 (9th Cir. 2016) (holding that habeas corpus is "available only for state prisoner claims that lie at the core of habeas (and is the exclusive remedy for such claims), while § 1983 is the exclusive remedy for state prisoner claims that do not lie at the core of habeas"). Here, plaintiff requests that he be granted parole and immediately released from prison. ECF No. 1 at 8. Accordingly, this claim lies directly within

the core of habeas corpus because plaintiff is challenging the validity of his continued confinement and a favorable determination would result in his speedier release. These allegations fail to state cognizable claims for relief under § 1983 and must be dismissed.

The court declines to offer plaintiff the option to convert his claims to an action for habeas corpus relief because the information provided in the complaint indicates that his claims were unexhausted and untimely at the time they were filed. The denial of parole occurred in 2011 (ECF No. 1 at 5) and a search of the California Supreme Court's website shows that the last case initiated by plaintiff in that court was closed in 1997. It therefore appears that plaintiff did not exhaust his state court remedies and even if he attempted to do so now he would be well outside the applicable one-year statute of limitations. 28 U.S.C. §§ 2244(d)(1), 2254(b).

The court will also decline the option to convert the claims because they would not be cognizable in habeas. The United States Supreme Court in 2011 overruled a line of Ninth Circuit precedent that had supported habeas review of parole denials in California cases. Swarthout v. Cooke, 562 U.S. 216, 219 (2011). The Supreme Court held that federal habeas jurisdiction does not extend to review of the evidentiary basis for state parole decisions. Id. Because habeas relief is not available for errors of state law, and because the Due Process Clause does not require correct application of California's "some evidence" standard for denial of parole, federal courts may not intervene in parole decisions as long as minimum procedural protections are provided. Id. at 219-20. The protection afforded by the federal Due Process Clause to California parole decisions consists solely of the "minimum" procedural requirements set forth in Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1 (1979). Cooke, 562 U.S. at 220. Specifically, that petitioner was provided with "an opportunity to be heard and . . . a statement of the reasons why parole was denied." Id. (citing Greenholtz, 442 U.S. at 16). Since plaintiff alleges that he was improperly denied parole based on his criminal history, it appears that he is asking the court to look at the basis for the denial, which is not a valid ground for habeas relief.

    C.    Heck Bar

A claim to recover monetary damages is not cognizable under § 1983 if success on the claim "would necessarily imply the invalidity of [the plaintiff's] conviction or sentence." Heck v.

Humphrey, 512 U.S. 477, 487 (1994). In order to recover damages, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of writ of habeas corpus." Id. at 486-87.

Plaintiff shows no evidence that his underlying conviction has been reversed, expunged, invalidated, or impugned by a writ of habeas corpus. In fact, his request to be granted parole and released demonstrates that his underlying conviction is still valid. Since a favorable damages award in this case necessarily implies the invalidity of plaintiff's continued confinement, his claim for monetary damages based on finding that he was improperly denied parole is not cognizable under § 1983. Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997) (Heck does not permit a "civil claim for damages [that] amounts to a collateral attack on [a plaintiff's] denial of parole and subsequent incarceration.").

IV. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted and that amendment would be futile. The complaint should therefore be dismissed without leave to amend.

V. Plain Language Summary of this Order for a Pro Se Litigant

A recommendation is being made to dismiss your complaint without leave to amend because your allegations do not state any claims for relief. Your claims about your parole denial cannot be brought in a civil rights complaint because the defendants are immune and success

would result in your speedier release.  Claims that affect your release date have to be brought in a habeas petition.  You are not being given a chance to change your complaint to a habeas petition because it appears that your claims are unexhausted, untimely, and would not state a valid claim for relief in habeas.

IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the complaint be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 21, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE